

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Honorable E. Y. Cunningham
County Auditor
Navarro County
Corsicana, Texas

Dear Sir:

Opinion No. O-6306
Re: Amount of mileage and arrest
fees allowed out of the same
transaction where several
cases were filed and pleas
of guilty entered in the
several cases.

Your recent request for an opinion of this department upon the question as herein stated, has been received.

We quote from your letter as follows:

"A person is arrested upon the highways and taken to the Court House where 18 separate complaints of vagrancy are filed against him in the Justice of the Peace Court arising out of the same transaction. He pleads guilty in each case. In each case there is taxed as costs therein an arrest fee and mileage is allowed in connection therewith.

"As a fact the defendant was arrested the one time only and the mileage was in connection with the original arrest.

"Are said fees for arrest and mileage in all 18 cases legally assessed?"

We have been unable to find any court decision construing Article 1065 C. C. P. relative to your question. However, it is our opinion that if the officer had a warrant for the arrest of the person charged with vagrancy when he

COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable E. Y. Cunningham, page 2

arrested him, he would be legally entitled to his mileage fees for the number of miles necessarily and actually traveled in connection with this original arrest. Said peace officer would not be entitled to mileage fees in each of the 18 cases but only as to one case. On the other hand, if he had no warrant for his arrest, he is not entitled to either an arrest fee or mileage because the arrest would be illegal. The statutes do not permit a peace officer to make an arrest, under the facts stated without a warrant.

Our opinion as to mileage is based the construction of Article 1122 of the Code of Criminal Procedure, as amended in 1923, mileage fees being paid by the state, wherein the court (in Bingham v. State, 275 S. W. 147 reversed on ground that appeal not proper remedy, 280 S. W. 1062) said:

". . . the prisoner is the unit in computing the amount of mileage due and not the number of cases. The Legislature intended to allow . . . mileage of 10 cents only for conveying a prisoner after arrest, without regard to the number of cases against him . . ."

Opinion No. 0-3062 also answers this mileage question and sets out the proper procedure that we believe should be followed. We enclose a copy for your convenience.

As to the question as to the legal right to charge arrest fees in each case, we call your attention to Article 1011 C. C. P., which reads as follows:

"No item of costs shall be taxes for a purported service which was not performed, or for a service for which no fee is expressly provided by law." (Emphasis ours)

As stated in your letter the defendant was arrested but the one time; therefore, only one arrest fee could be charged in all the 18 cases, but in this connection we call your attention to Opinion No. 0-1160 in which this department held that the officer releasing the defendant from the several judgments would be entitled to a release fee in each case.

Honorable E. Y. Cunningham, page 3

      Trusting that the foregoing fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

APPROVED DEC 1944

ATTORNEY GENERAL OF TEXAS

By

John C. Knorpp
Assistant

JCK:ddt

Encl.



APPROVED
OPINION
COMMITTEE

BY
CHAIRMAN